J-S60031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROGER JIUNNMING WOO | : | |
| | : | |
| Appellant | : | No. 214 WDA 2017 |

Appeal from the PCRA Order January 17, 2017
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0003290-1994

BEFORE: OLSON, DUBOW, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED SEPTEMBER 12, 2017**

Appellant Roger Jiunnming Woo appeals *pro se* from the Order entered in the Court of Common Pleas of Westmoreland County on January 17, 2017, dismissing his "*Habeas Corpus* Application" as an untimely petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We find that the PCRA court properly treated the petition as a petition under the PCRA.[2]  We

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] Appellant challenges the legality of his sentence under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.  A claim challenging the legality of one's sentence is cognizable under the PCRA. ***See Commonwealth v. Holmes***, 593 Pa. 601, 933 A.2d 57, 60 (2007) (finding legality of sentence is always subject to review within the PCRA, as long as the claim satisfies the Act's time limitations). "The [PCRA] is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose. . . including *habeas corpus* . . . ." 42 Pa.C.S.A.  § 9542 ***see also Commonwealth v. Descardes***, ___ Pa. ____, _____, 136 A.3d 493, 499 (2016).  Thus, the PCRA court correctly
*(Footnote Continued Next Page)*

_____

\* Former Justice specially assigned to the Superior Court.

further conclude the claims Appellant raises have been previously litigated, are waived or are untimely and without an applicable exception. Accordingly, we affirm.

Following his conviction of first-degree murder in connection with the shooting death of his paramour, Appellant was sentenced to a term of life imprisonment without parole on March 27, 1996.[3]  This Court affirmed his judgment of sentence on April 22, 1997, and denied his application for reargument on July 2, 1997.  On August 1, 1997, Appellant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania which denied his petition on December 31, 1997.  Appellant's petition for discretionary review with the United States Supreme Court was denied on May 18, 1998.  Thereafter, Appellant filed numerous petitions pursuant to the PCRA, all of which were denied.

On March 7, 2016, Appellant filed the instant, *pro se* petition for *habeas corpus* relief which the trial court treated as his fourth PCRA petition. On December 19, 2016, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907(A). Appellant did not file a response, and on December 19, 2016, the PCRA

_(Footnote Continued)_ ──────────

treated Appellant's filing as a PCRA petition rather than as a petition for a writ of *habeas corpus*.
[3] 18 Pa.C.S.A. § 2501(a).

court dismissed the petition. Appellant filed a timely, *pro se* notice of appeal on January 31, 2017.

In his concise statement filed pursuant to Pa.R.A.P. 1925, Appellant presented the following, single issue:

> 1. The instant Post Conviction Relief Act Court (PCRA Court) has jurisdiction to entertain the merits of Appellant's instant PCRA Petition pursuant to the 14th. Amendment to the U.S. Constitution and Montgomery v. Louisiana, 136 S.Ct. 718 (2016) and this Court's decision is not free of legal error.

See "Petitioner's Concise Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), filed 2/13/17.

However, in his appellate brief Appellant presents five issues for this Court's review:[4]

> (1) Did the Honorable Judge violate the Appellant's 6th, 8th, and 14th Amendment Rights by not holding a hearing on the merits of Appellant's Writ of Habeas Corpus?
>
> (2) Did the Honorable Judge show prejudice to Appellant by not holding a hearing on the merits of his Writ of Habeas Corpus under the holdings of **Montgomery v. Louisiana** and **Miller v. Alabama as read in a whole**?
>
> (3) Did the Honorable Judge violate Appellant's right to fair trial by denying this Appellant the right to present a Diminished Capacity Defense?
>
> (4) Was the Appellant shown prejudice by the Honorable Judge to not hold a hearing on the Writ of Habeas Corpus and the Ineffective Assistance of Counsel, and treating it as a successive PCRA, in violation of 6th, 8th & 14th Amendments to the US Const. and Pa.Const. Art.1 § 14?

_____

[4] Appellant includes these issues in the "Summary of Argument" portion of his brief, which lacks a statement of questions involved section in violation of Pa.R.A.P. 2116(a).

(5) Did the Honorable Judge show prejudice to this Appellant by stating 42 Pa.C.S.A. § 9545 did not apply to this Appellant?

Brief for Appellant at 4. (boldface type in original).

At the outset, we note that while Appellant argues numerous points in his appellate brief, in his Rule 1925(b) statement he presented a challenge only to the legality of his sentence in light of the decision of the United States Supreme Court in **Montgomery v. Louisiana**, ___ U.S. ____, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). As such, he has waived the additional claims he presents in his appellate brief. **See** Pa.R.A.P. 1925(b)(4) (vii); **see also Commonwealth v. Marion**, 981 A.2d 230, 237 (Pa.Super. 2009), *appeal denied*, 990 A.2d 729 (Pa. 2010) ("to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to [Rule] 1925. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived." (citations omitted)). Therefore, we address Appellant's properly preserved claim.[5]

_____

[5] Even if Appellant properly had preserved the third and fourth issues he presents in his appellate brief, we note that he cannot demonstrate these allegations of error have not been previously litigated, for PCRA relief is not available for alleged errors raised in a PCRA petition that have been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2); **see also**, **Commonwealth v. Hanible**, 612 Pa. 183, 205, 30 A.3d 426, 438–39 (2011). In his first,
*(Footnote Continued Next Page)*

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. ***Commonwealth v. Robinson***, ___ Pa. ____, ____, 139 A.3d 178, 185 (2016). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa.Super. 2014).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa.Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden to plead and prove an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

timely-filed PCRA petition, Appellant alleged that trial counsel had been ineffective for having failed to pursue the defenses of diminished capacity and involuntary intoxication, and this Court found no merit to these claims.

because Pennsylvania courts are without jurisdiction to consider the merits of the petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1)    Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

    (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

    (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

    (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

As noted previously, Appellant was sentenced on March 27, 1996, and this Court affirmed the judgment of sentence on April 22, 1997. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 31, 1997, and the United States Supreme Court denied

- 6 -

him discretionary review on May 18, 1998; therefore Appellant's judgment of sentence became final on that date. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"). [6] Since Appellant filed the instant petition almost eighteen years thereafter, it is patently untimely and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar is applicable. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception). In addition, an Appellant must comply with 42 Pa.C.S.A. § 9545(b)(2) (stating "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented").

Appellant attempts to evoke the newly-recognized constitutional right exception when averring his sentence of life imprisonment is illegal under

---

[6] The 1996 amendments to the Post Conviction Relief Act providing for an additional one-year grace period in which to file a PCRA petition do not benefit Appellant herein.

*Montgomery*, *supra*. In *Montgomery*, the United States Supreme Court declared its prior holding in *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) constitutes a substantive rule of constitutional law to which state collateral review courts were required as a constitutional matter to give retroactive effect. *Montgomery v. Louisiana*, ___ U.S. at ____, 136 S.Ct. at 736, 193 L.Ed.2d at ___. The Supreme Court held therein that the new rule of law announced in *Miller* applies retroactively to cases on collateral review.

The United States Supreme Court decided *Montgomery* on January 25, 2016, and Appellant filed the current PCRA petition on March 7, 2016. In *Commonwealth v. Secreti*, 134 A.3d 77, 82 (Pa.Super. 2016), this Court held that the date upon which *Montgomery* had been decided is to be used when calculating whether a petition is timely filed under the sixty-day rule of 42 Pa.C.S.A. § 9545(b)(2). Because Appellant's PCRA petition was filed prior to March 25, 2016, he has satisfied the PCRA time-bar. *See* 42 Pa.C.S.A. § 9545(b)(2). Notwithstanding, *Miller* does not apply to his case.

In *Miller*, the Supreme Court had held that "mandatory life without parole for those under the age of 18 at the time of their crimes violated the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller v. Alabama*, ___ U.S. at ____, 132 S.Ct. at 2460, 183 L.Ed.2d at ____. However, while the Supreme Court's holding in *Miller* set forth a bright-line rule that mandatory sentences of life imprisonment without the

possibility of parole are unconstitutional for juvenile offenders, it did not prevent a trial court from imposing a life sentence upon an individual such as Appellant who was over the age of eighteen at the time he committed the murder.[7]  Therefore, the right recognized by **Miller** and held to be retroactive in **Montgomery** does not provide Appellant a basis for relief from the PCRA time-bar. **See Miller**, ___ U.S. at ____, 132 S. Ct. at 2469, ___ L.Ed.2d at  ____ (holding "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.")  **See also Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa.Super. 2013) (holding **Miller** is not an exception under Section 9545(b)(1)(iii) to those over the age of eighteen at the time crimes were committed); **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa.Super. 2016) (holding the **Miller** decision applies only to defendants "under the age of 18 at the time of their crimes").

For the foregoing reasons, Appellant's serial PCRA petition is untimely, and he has failed to plead and prove an exception to the statutory time-bar. The PCRA court correctly determined it lacked jurisdiction to review the merits of Appellant's petition and properly dismissed it, and we discern no other basis on which to disturb the PCRA court's dismissal of Appellant's petition as untimely.

---

[7] Appellant's date of birth is April 20, 1968, and the murder occurred on September 18, 1994.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/12/2017